J-S83039-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RONALD DRASZKIEWICZ, JR., | : | |
| | : | |
| Appellant | : | No. 1074 WDA 2018 |

Appeal from the PCRA Order Entered June 28, 2018
in the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0001094-1996

BEFORE: PANELLA, J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    **FILED FEBRUARY 28, 2019**

Ronald Draszkiewicz, Jr. ("Draszkiewicz"), appeals from the Order dismissing his second Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). *See* 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On November 15, 1996, following a jury trial, Draszkiewicz was found guilty of various crimes, including rape and involuntary deviate sexual intercourse. On December 19, 1996, the trial court sentenced Draszkiewicz to an aggregate term of 15 to 40 years in prison, followed by five years of probation. Draszkiewicz did not file a direct appeal.

On August 17, 1998, Draszkiewicz, *pro se*, filed his first PCRA Petition. The PCRA court appointed Draszkiewicz counsel, who filed an Amended Petition. Following an evidentiary hearing, the PCRA court denied Draszkiewicz's Petition, which this Court affirmed. *See Commonwealth v.*

***Draszkiewicz***, 759 A.2d 18 (Pa. Super. 2000) (unpublished memorandum),

***appeal denied***, 764 A.2d 48 (Pa. 2000).

On March 14, 2018, Draszkiewicz, *pro se*, filed the instant PCRA Petition.

The PCRA court appointed Draszkiewicz counsel, who filed a supplemental

Petition.  After filing a Pa.R.Crim.P. 907 Notice of Intent to Dismiss, the PCRA

court dismissed the Petition without a hearing.  Draszkiewicz filed a timely

Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of

matters complained of on appeal.

On appeal, Draszkiewicz presents the following questions for our review:

A.  Whether the PCRA court erred in failing to grant collateral relief under [***Commonwealth v. Muniz***, 164 A.3d 1189 (Pa. 2017)[1]]?

B. Whether the PCRA court erred in fin[d]ing the PCRA filing untimely?

Brief for Appellant at 2 (capitalization omitted).

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of the record.  We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations

omitted).

---

[1] The court in ***Muniz*** held that SORNA'S registration requirements constitute criminal punishment, as opposed to a mere civil penalty, and therefore, their retroactive application violates the *ex post facto* clause of the U.S. Constitution.  ***See Muniz***, 164 A.3d at 1192.

Under the PCRA, any PCRA petition "shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Draszkiewicz's judgment became final on January 20, 1997,[2] when the time to appeal to this Court expired. **See** Pa.R.A.P. 903(a). Thus, Draszkiewicz had until January 20, 1998, to file a timely PCRA Petition. The current Petition, which was filed on March 14, 2018, is thus facially untimely. **See** 42 Pa.C.S.A. § 9545(b).

However, Pennsylvania courts may consider an untimely petition if the petitioner can explicitly plead and prove one of three exceptions set forth at 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any PCRA Petition invoking one of the exceptions "shall be filed within 60 days of the date the claim could have been

---

[2] Thirty days from December 19, 1996, is Saturday, January 18, 1997. **See** 1 Pa.C.S.A. § 1908 (stating that when the last day of any period of time falls on a Saturday or a Sunday, "such day shall be omitted from the computation.").

- 3 -

presented." *Id.* § 9545(b)(2); *Albrecht*, 994 A.2d at 1094. The PCRA petitioner bears the burden of proving the applicability of one of the exceptions. *Commonwealth v. Edmiston*, 65 A.3d 339, 346 (Pa. 2013).

Draszkiewicz purports to invoke the newly-recognized constitutional right exception at 42 Pa.C.S.A. § 9545(b)(1)(iii), alleging that his sentence is illegal as a result of the Pennsylvania Supreme Court's decision in *Muniz*.

The Pennsylvania Supreme Court filed its decision in *Muniz* on July 19, 2017. Thus, Draszkiewicz was required to file his PCRA petition invoking *Muniz* on or before Monday, September 17, 2017.[3] Draszkiewicz filed the instant Petition on March 14, 2018. Consequently, Draszkiewicz cannot invoke a timeliness exception based upon the decision in *Muniz*. *See* 42 Pa.C.S.A. § 9545(b)(2).

Even if Draszkiewicz had filed his Petition within 60 days of the decision in *Muniz*, he has failed to plead and prove the newly-recognized constitutional right exception set forth at subsection 9545(b)(1)(iii). As our Supreme Court has explained, this exception has two requirements:

> First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or [the Pennsylvania Supreme Court] after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. **Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively**.

---

[3] The 60th day fell on Sunday, September 16, 2017. Therefore, Draszkiewicz was required to file his Petition by Monday, September 17, 2017. *See* 1 Pa.C.S.A. § 1908.

> The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

*Commonwealth v. Spotz*, 171 A.3d 675, 679 (Pa. 2017) (citation omitted, emphasis added).

This Court has previously recognized that "*Muniz* created a substantive rule that retroactively applies in the collateral context." *Commonwealth v. Rivera-Figueroa*, 174 A.3d 674, 678 (Pa. Super. 2017). However, because Draszkiewicz's PCRA Petition is facially untimely (unlike the timely filed first petition at issue in *Rivera-Figueroa*), he must demonstrate that the Pennsylvania Supreme Court has held that *Muniz* applies retroactively in order to satisfy Section 9545(b)(1)(iii). *See Commonwealth v. Murphy*, 180 A.3d 402, 405-06 (Pa. Super. 2018) (recognizing that to invoke the timeliness exception at subsection (iii), the petitioner must demonstrate that the Pennsylvania Supreme Court has held that *Muniz* applies retroactively). To date, the Pennsylvania Supreme Court has not expressly held that *Muniz* applies retroactively. Consequently, Draszkiewicz cannot rely on *Muniz* to meet that timeliness exception.[4] *See id.*

---

[4] Should the Pennsylvania Supreme Court expressly hold that *Muniz* applies retroactively, Draszkiewicz may again petition for PCRA relief within 60 days of that decision.

Because Draszkiewicz failed to timely file his PCRA Petition, and because he has not demonstrated an exception to the PCRA's timeliness requirement, we affirm the Order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/28/2019